BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: BPS DIRECT, LLC, AND CABELA'S, LLC, WIRETAPPING LITIGATION, | MDL DOCKET NO. 3074 |

**PLAINTIFF PETER MONTECALVO'S RESPONSE IN SUPPORT OF TRANSFER OF RELATED ACTIONS TO THE EASTERN DISTRICT OF PENNSYLVANIA FOR CONSOLIDATED PRE-TRIAL PROCEEDINGS**

Peter Montecalvo ("Montecalvo"), plaintiff in *Montecalvo v. Cabela's Inc.*, Case No. 1:22-cv-11837-NMG (the "*Montecalvo* Action"), hereby submits this Response supporting the transfer of six actions, including *Tucker v. BPS Direct, LLC et al.,* Case No. 6:22-cv-03285-SRB (W.D. Mo.) ("*Tucker* Action"), *Calvert v. Cabela's LLC*, Case. No. 22-01460 (W.D. Pa. Oct. 14, 2022) ("*Calvert* Action"), *Cornell v. BPS Direct, L.L.C. d/b/a Bass Pro Shops*, Case No. 1:23- cv-20 (W.D. Pa. Feb. 1, 2023) ("*Cornell* Action"), *VonBergen v. BPS Direct, LLC,* Case No. 2:22-cv-04709-KBH (E.D. Pa. Nov. 23, 2022) ("*VonBergen* Action"), *Moore v. BPS Direct, LLC.,* Case No.22-01951 (S.D. Cal. Dec. 9, 2022) ("*Moore* Action"), and the *Montecavlo* Action (D. Mass Oct. 27, 2022) (collectively referred to herein as "Related Cabela's Actions") and any subsequently filed related actions to the Eastern District of Pennsylvania for centralization or consolidated pre-trial proceedings before the Honorable Kelley Brisbon Hodge, who is currently presiding over one of the six Related Cabela's Actions there.

Alternatively, Plaintiff Montecalvo respectfully requests that the Related Cabela's Actions be transferred to the Western District of Pennsylvania for centralization or consolidated pre-trial proceedings before the Honorable William S. Stickman IV.

I.      Background

On October 27, 2022, Plaintiff Montecalvo filed the *Montecalvo* Action in the District of Massachusetts, alleging Cabela's violations of Massachusetts Wiretapping Statute, Mass. Gen. Laws ch. 272 §99(Q) ("Wiretap Statute") and Invasion of Privacy Statute, Mass. Gen. Laws ch. 214 §1B ("Privacy Statute"). *Montecalvo* Action, Dkt. No. 1. The *Montecalvo* Action is related to six other actions, in five disparate jurisdictions, all of which allege that BPS Direct, LLC ("BPS"), Cabela's Inc., and/or Cabela's Retail Mo, LLC (together, "Cabela's") surreptitiously intercepted, disclosed, and/or wiretapped the electronic communications of visitors to their websites, www.cabelas.com and www.basspro.com, in violation of state and federal privacy laws.

On February 15, 2023, Plaintiff Arlie Tucker filed a Motion for the Transfer of Related Actions to the Western District of Missouri for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407, seeking the transfer and pre-trial consolidated of the Related Cabela's Cases. *In re: BPS and Cabela's Wiretapping Litigation*, Case MDL No. 3014 Dkt. No. 1-1 ("*Tucker* Motion"). Plaintiff Montecalvo agrees that transfer and centralization or pre-trial consolidation of the Related Cabela's Actions is appropriate, but seeks transfer of the actions to the Eastern District of Pennsylvania, or alternatively the Western District of Pennsylvania. The majority of the Related Cases (3 out of 6) are filed in Pennsylvania and the Eastern District of Pennsylvania has a light docket compared to the national average. Thus, the Eastern District will be able to move the case forward efficiently and without unnecessary delay and transfer to this district is appropriate.

II.     **Transfer and Centralization or Pre-Trial Consolidation of the Related Cabela's Actions is Appropriate and will Promote Just and Efficient Litigation.**

The Related Cabela's Actions involve common questions of fact and transfer of all the actions to a single court will promote convenience for the parties and witnesses and the just and

efficient litigation of the actions in accordance with 28 U.S.C. §1407. 28 U.S.C. §1407(a) provides in relevant part:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

Here, consolidation of the Related Cabela's Actions is appropriate under § 1407 because: (1) there are common legal and factual questions; (2) the Related Cabela's Actions are in the initial stages of litigation; and (3) each of the Related Cabela's Actions are class actions. Considered together, these factors strongly support transfer and pre-trial consolidation of the Related Cabela's Actions.

*First,* the Related Cabela's Actions have common legal and factual questions. *See In re Blue Cross Blue Shield Antitrust Litig.*, 908 F. Supp. 2d 1373, 1376 (J.P.M.L. 2012) (finding some differing legal theories or additional facts is not significant "when the actions still arise from a common factual core."); *see also In re Generic Drug Pricing Antitrust Litig.,* MDL No. 2724, 2016 WL 4153602, at *2 (J.P.M.L. Aug. 5, 2016); *In re Ford Motor Co. E-350 Van Prods. Liab. Litig.,* 374 F. Supp. 2d 1353, 1354 (J.P.M.L. 2005); *In re Local TV Advertising Antitrust Litig.*, 338 F. Supp. 3d 1341 (J.P.M.L. 2018) (transfer was appropriate where actions commonly alleged that a conspiracy was effectuated by sharing competitively sensitive information); *In re Pharm. Indus. Average Wholesale Price Litig.,* 237 F. Supp. 2d 1377, 1379 (J.P.M.L. 2002) (to the extent noncommon issues arise, transfer can have the "salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that [] allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues"). Plaintiff Montecalvo alleges a class of similarly situated consumers that have suffered damages resulting from Defendant's alleged wiretapping and invasions of privacy. The Related Cabela's Actions

focus on the same invasions of privacy, by the same defendants,[1] through the same use of Session Replay tracking technology.  The Related Cabela's Actions also allege a similar or identical class asserting claims arising from the exact same wiretapping violations and invasions of consumers' privacy.  All actions involve similar theories of damages and will presumably face the same defenses from Defendant.  Consolidation of these actions for pre-trial proceedings will promote judicial efficiency, avoid duplicative discovery, and prevent inconsistent rulings on facts specific to the Related Cabela's Actions.

*Second*, the Related Cabela's Actions are in the initial stages of litigation and pre-trial consolidation will avoid duplicative discovery and prevent inconsistent pre-trial rulings. *In re: BRCA1- & BRCA2-Based Hereditary Cancer Test Patent Litig.*, 999 F. Supp. 2d 1377, 1378—79 (J.P.M.L. 2014); *see also In re Target Corp. Customer Data Sec. Breach Litig.*, MDL No. 2522, 2014 WL 1338473 (J.P.M.L. Apr. 2, 2014) (consolidating actions arising out of a data security breach on behalf of state and/or nationwide classes that asserted either a combination of state and/or federal claims); *In re Canon U.S.A. Inc., Digital Cameras Prods. Liab. Litig.*, 416 F. Supp. 2d 1369, 1370 (J.P.M.L. 2006) (consolidation warranted in class actions so as to avoid disparate class certification decisions).  Here, Plaintiff Montecalvo alleges a class of similarly situated consumers that have suffered damages resulting from Defendant's alleged wiretapping and invasions of privacy.  Similar to all other pending cases arising from Cabela's conduct on its websites, there has been minimal activity in the action's docket.[2]  Consolidation of the Related

---

[1] BPS and Cabela's are common parties and related entities such that all cases against the two sets of corporate entities should be litigated together. *See* Defendant's Corporate Disclosure Statement, *Tucker* action, Dkt. No. 17 at 1.

[2] The parties in the *Montecalvo* Action have briefed a motion to dismiss, but there has been no ruling.

Cabela's Actions at this early stage will indeed avoid the risk of any disparate or duplicative rulings.

*Third*, the Related Cabela's Actions are all class actions under Rule 23 of the Federal Rules of Civil Procedure, which further favors transfer and consolidation. *See In re Southeastern Milk Antitrust Litig.*, 530 F. Supp. 2d 1359 (J.P.M.L. 2008) (finding transferring actions appropriate where all actions shared factual questions, citing the need to prevent inconsistent rulings, especially on class certification); *In re Am. Family Mut. Ins. Co. Overtime Pay Litig.*, 416 F. Supp. 2d 1346, 1347 (J.P.M.L. 2006) (ordering transfer "in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification"); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 228 F. Supp. 2d 1379, 1381 (J.P.M.L. 2002) (holding transfer necessary "in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification matters), and conserve the resources of the parties, their counsel and the judiciary"); *In re Roadway Express, Inc. Emp't Practices Litig.*, 384 F. Supp. 612, 613 (J.P.M.L. 1974); *see also In re Plumbing Fixture Cases*, 298 F. Supp. 484, 493 (J.P.M.L. 1968) (explaining that Section 1407 was designed to prevent "pretrial chaos" resulting from "conflicting class action determinations"). Transfer and consolidation are appropriate where it will eliminate the possibility for inconsistent class certification rulings. Thus, consolidation of the Related Cabela's (class) Actions is appropriate and necessary to avoid inconsistency among these class actions.

### III. The Eastern District of Pennsylvania is the Appropriate Venue for Transfer and Consolidation of the Related Cabela's Actions.

The Eastern District of Pennsylvania is the appropriate transferee court because the district has a relatively light docket and is a readily accessible venue for the parties. The Panel has discretion in selecting the transferee court and will often consider the district where the largest

5

number of cases are pending and districts that have favorable docket conditions. *In re Stryker Rejuvenate, ABG II Hip Implant Prods. Liab. Litig.*, 949 F. Supp. 2d at 1380; *In re: DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, 787 F. Supp. 2d 1358, 1360 (J.P.M.L. 2011) (transferring to a district with "favorable docket conditions"); *In re Lending Tree, LLC, Customer Data Security Breach Litig.*, 581 F. Supp. 2d 1367, 1368 (J.P.M.L. 2008) (transferring to a district that "has the capacity to handle this docket and, in the past, has been underutilized as a transferee district."); Manual for Complex Litigation, § 20.131.

      a.    **The Majority of the Related Cabela's Actions are Pending in Pennsylvania.**

There is a preference for transfer to a forum in which the greatest number of cases are pending. *See In re Stryker Rejuvenate, ABG II Hip Implant Prods. Liab. Litig.*, 949 F. Supp. 2d at 1380 (district where plurality of cases pending was appropriate transferee court); *In re Air Crash Near Athens, Greece on Aug. 14, 2005*, 435 F. Supp. 2d 1340, 1342 (J.P.M.L. 2006) (transferring actions to the Northern District of Illinois where the majority of related actions had been filed); *In re OxyContin Antitrust Litig.*, 314 F. Supp. 2d 1388, 1398 n.1 (J.P.M.L. 2004) (transferring actions to the Southern District of New York where twenty-three out of forty-one actions were already pending in that district). Here, three cases are pending in Pennsylvania, which is the most of any state. This favors transfer to a District Court in Pennsylvania.

      b.    **The Eastern District of Pennsylvania Court can Efficiently Process the Related Cabela's Actions.**

When deciding on a transferee court, the Panel often weighs the congestion of the court's civil docket. *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 241 F.R.D. 435, 439 (S.D.N.Y. 2007); Alba Conte & Herbert Newberg, Newberg on Class Actions, §9:16 (4th ed.). The Eastern District of Pennsylvania has more favorable docket conditions than the national average. For example, the Eastern District has 22 judgeships with 295 actions per judgeship, compared to the

national average of 570 actions per judgeship.[3]  The Eastern District also averages 6.7 months from the time of filing to disposition, as opposed to the national average of 10.4 months.[4]  Thus, transferring the Related Cabela's Actions to the Eastern District of Pennsylvania will likely not impose a great burden on the judges there and will also move the multidistrict litigation efficiently.  The Eastern District is also a convenient forum for many parties, including those outside of driving distance because the Philadelphia International Airport is a hub and serves millions of passengers each year.[5]

Additionally, Judge Hodge, who is currently presiding over the *Vonbergen* Action, is capable of handling complex multi-district litigation.  Judge Hodge was confirmed to the federal bench in 2022.[6]  To the best of the Plaintiff's knowledge, Judge Hodge has not previously served as an MDL transferee judge and the Panel has expressed a willingness to consolidate cases before a judge who has yet to have the opportunity serve as a transferee judge.  *In re Ermi LLC ('289) Pat. Litig.*, 396 F. Supp. 3d 1358, 1360 (J.P.M.L. 2019); *In re Fisher-Price Rock 'N Play Sleeper Mktg., Sales Pracs., & Prod. Liab. Litig.*, 412 F. Supp. 3d 1357, 1360 (J.P.M.L. 2019); *In re Stryker Orthopaedics LFIT V40 Femoral Head Prod. Liab. Litig.*, 249 F. Supp. 3d 1353, 1356 (J.P.M.L. 2017).

---

[3] *See United States District Courts –Nat'l Judicial Caseload Profile* (June 2022), https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0630.2022_0.pdf.
[4] *Id.*
[5] *About Us*, Philadelphia Int'l Airport, https://www.phl.org/about/about-us (last visited Mar. 8, 2023).
[6] *See Kelly Hodge*, Ballotpedia, https://ballotpedia.org/Kelley_Hodge (last visited Mar. 8, 2023).

### IV. Alternatively, the Panel should Transfer the Related Cabela's Actions to the Western District of Pennsylvania before Honorable Judge William S. Stickman.

In the alternative, the Panel should transfer the Related Cabela's Actions to the Western District of Pennsylvania before the Honorable Judge William S. Stickman IV. Currently, two of six Related Cabela's Actions are pending in the Western District of Pennsylvania. Furthermore, Judge Stickman presided over *Popa v. Harriet Carter Gifts, Inc. et al*, No. 2:2019-cv-00450, which was a case of the same nature and alleged similar wiretapping violations and invasions of privacy as the Related Cabela's Actions. *See In re Katz Interactive Call Processing Pat. Litig.*, 481 F. Supp. 2d 1353, 1355 (J.P.M.L. 2007) (centralizing cases before a judge with prior experience with the issues involved in the pending cases). Thus, Judge Stickman, located in Pennsylvania, has familiarity and experience with cases similar to the Related Cabela's Actions in support of transfer.

### CONCLUSION

For the forgoing reasons, the Eastern District of Pennsylvania presents the most logical choice for the transfer of the Related Cabela's Actions. Pursuant to 28 U.S.C. § 1407, Plaintiff Montecalvo respectfully requests the Panel transfer the Related Cabela's Actions to the Eastern District of Pennsylvania, or alternatively the Western District of Pennsylvania before the Honorable William S. Stickman IV for centralization or consolidated pre-trial proceedings.

Respectfully submitted,

**ZIMMERMAN REED, PLLP**

Dated: March 8, 2023

*/s/ Brian C. Gudmundson*
Brian C. Gudmundson, MN Bar No. 336695
Michael J. Laird, MN Bar No. 398436
Rachel K. Tack, MN Bar No. 399529
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
Facsimile: (612) 341-0844

brian.gudmundson@zimmreed.com
michael.laird@zimmreed.com
rachel.tack@zimmreed.com

Joseph P. Guglielmo BBO #671410
Carey Alexander
Ethan S. Binder
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Fl.
New York, NY 10169
Telephone: (212) 223-6444
jguglielmo@scott-scott.com
calexander@scott-scott.com
ebinder@scott-scott.com

*Attorneys for Plaintiff Peter Montecalvo*